Vivares-Mazo v. Lynch

BIA
Poczter, IJ
A088 077 226

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand sixteen.

PRESENT:
        JON O. NEWMAN,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
              *Circuit Judges.*

_____

JUAN ESTEBAN VIVARES-MAZO,
        *Petitioner,*

        v.                                    15-1493
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Rebecca R. Press, Central American Legal Assistance, Brooklyn, New York.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Esteban Vivares-Mazo ("Vivares"), a native and citizen of Colombia, seeks review of an April 7, 2015, decision of the BIA affirming a July 18, 2013, decision of an Immigration Judge ("IJ") denying Vivares's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Esteban Vivares-Mazo,* No. A088 077 226 (B.I.A. Apr. 7, 2015), *aff'g* No. A088 077 226 (Immig. Ct. N.Y. City July 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4); *Chuilu Liu v. Holder*, 575 F.3d 193, 194-96 (2d Cir. 2009).

An applicant for asylum has the burden to show either past persecution, which is harm rising to the level of persecution that is on account of a protected ground, or a well-founded fear of future persecution, which requires a showing that the fear

2

is subjectively credible and objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Although the applicant may meet this burden with credible testimony alone, the agency may require corroboration despite otherwise credible testimony, and deny an application based on the failure to provide such corroboration, if the corroborating evidence is reasonably available. 8 U.S.C. § 1158(b)(1)(B)(ii); *Yan Juan Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the IJ must, either in her decision or otherwise in the record, (1) identify the missing evidence, and explain why it was reasonably available; (2) provide an opportunity for the applicant to explain the omission; and (3) assess any explanation given. *Chuilu Liu*, 575 F.3d at 198. "[W]e review with substantial deference an IJ's determination that corroborating evidence was reasonably available to the applicant." *Id.* at 197-98; *see also* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact

3

is compelled to conclude that such corroborating evidence is unavailable.").

Here, it was reasonable for the agency to require corroboration because Vivares's testimony, although consistent, and therefore not incredible, was vague and unpersuasive. *See* § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."); *see also Chuilu Liu*, 575 F.3d at 196-97. For example, Vivares's testimony concerning the City Council political campaigns of the sister of his ex-girlfriend lacked detail, given his assertion that he was a high-ranking person in the campaign. Therefore, because Vivares's testimony was unpersuasive, the agency did not err by requiring reasonably available corroborating evidence. *See* § 1158(b)(1)(B)(i); *Chuilu Liu*, 575 F.3d at 196-97.

Moreover, the agency properly identified the missing evidence, finding that, in order for Vivares to corroborate his claimed political activities and past threats from the Aguilas

4

Negras, he needed to produce (1) a letter from the candidate that he worked for discussing the purported threats received during her campaigns; (2) flyers or other materials from the campaigns; and (3) a statement or testimony from his mother, who lived with him in New York. Vivares was provided an opportunity to explain why this evidence was missing, but his explanations do not compel a reasonable fact finder to conclude that the evidence was unavailable. *See Chuilu Liu*, 575 F.3d at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). He contacted the candidate via Facebook to ask for a letter, but it stated only that he had worked on the campaigns. His explanation that he had lost touch with the candidate's sister (his ex-girlfriend) failed to explain why he could not contact the candidate via Facebook for a second letter to corroborate his claim of receiving threats. Moreover, he conceded that the candidate had posted on Facebook about the campaigns, but he did not explain why those Facebook posts were unavailable. And, even if his mother did not appear at his immigration hearing, he did not say why she could not provide a letter.

Accordingly, we find no error in the agency's conclusion that Vivares did not adequately corroborate his claims of past

5

persecution and fear of future persecution. *See* 8 U.S.C. § 1252(b)(4). This lack of corroboration prevented Vivares from meeting his burden to show either past persecution or a well-founded fear of future persecution. Vivares suffered no past harm, other than threats, and he had no evidence to corroborate his belief that he was targeted for his political activities. *See Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006). Nor did he establish an objectively reasonable fear of future persecution: there was no evidence that the government was unable or unwilling to protect him, given the lack of past harm and the arrest and conviction of his attacker. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Vivares's contention that one arrest does not show that Colombia can control the Aguilas Negras is unavailing given the lack of objective evidence that his attacker was a member of any group. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). These corroboration and burden findings are dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk